IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TODD A. BARKOW,

                Plaintiff,

v.

SCHOOL DISTRICT OF ATHENS
and DEAN ELLENBECKER,

                Defendants.

OPINION and ORDER

20-cv-1030-jdp

---

    This case is about an employment dispute in Athens, Wisconsin, a small town in Marathon County. Plaintiff Todd Barkow worked as the building and grounds supervisor for defendant School District of Athens. Every year for eight years, the district issued Barkow a new contract that would end the following July. In summer 2019, the district decided not to renew Barkow's contract, citing issues with his job performance. But Barkow alleges that his employment was terminated because defendant Dean Ellenbecker, a local contractor with relatives on the school board, told school officials that he would not do any more work for the district if Barkow stayed in his position.

    Barkow asserts a constitutional claim against the district and a state-law claim against Ellenbecker. Specifically, Barkow contends that (1) the district violated his rights under the Due Process Clause by terminating him without a hearing; and (2) Ellenbecker tortiously interfered with Barkow's employment with the district.

    Defendants move for summary judgment. Dkt. 10. The court will grant the motion on Barkow's constitutional claim. The district never promised Barkow that his employment would continue after the expiration of his contract, so his termination did not violate his right to

procedural due process. The court will decline to exercise supplemental jurisdiction over Barkow's state-law claim against Ellenbecker, which will be dismissed without prejudice.

## UNDISPUTED FACTS

The following facts are undisputed except where noted.

Plaintiff Todd Barkow was employed as the building and grounds supervisor for the School District of Athens from June 2011 until June 2019. Barkow's employment was governed by a series of one-year contracts with the district. Barkow entered another one-year contract with the district in June 2018. The contract did not include language about renewal.

Defendant Dean Ellenbecker is president of a local contracting and construction firm. Ellenbecker's firm had done about two dozen jobs for the district, and Barkow had worked with Ellenbecker on some of those projects. The two had a cordial professional relationship.

That changed in August 2018, after Barkow took issue with work that Ellenbecker's company was doing on the district's baseball diamond. A few weeks after construction began, Barkow noticed standing water on the edge of the diamond. The next day, Barkow emailed a photo of the water to several district officials and copied Ellenbecker. Barkow asked if anyone planned to address the standing water issue. Ellenbecker replied saying that it was being handled, and Barkow responded that he hadn't seen anyone working to fix it.

Later that day, Ellenbecker sent an email to district officials expressing his frustration with Barkow. Ellenbecker said he was sick of Barkow's complaints about the diamond and that he would not do another project for the district if Barkow was still at the school. Dkt. 15-6.

About a month and a half later, Barkow had a meeting with an attorney for the district to discuss Barkow's work performance. The attorney told Barkow that the school board had

received several complaints about his attitude. The board then sent Barkow a list of its specific concerns, including Barkow's condescending comments toward the board and his difficulty following chain of command. Dkt. 27-2. Barkow was placed on paid leave until he could meet with the board to discuss his work performance.

Barkow met with the board in October 2018. Two weeks after the meeting, the board gave Barkow a formal "Notice of Performance Deficiencies and Performance Expectations." Dkt. 15-8, at 2. The notice directed Barkow to improve his behavior toward the board, staff, and the public. The board would evaluate Barkow's interactions over the following months and decide whether Barkow's employment would continue after the expiration of his current contract. The notice ended by saying that "[f]ailure to properly perform your duties will result in a decision to discontinue your employment at the end of your current employment contract." *Id.* at 4.

In April 2019, the board informed Barkow that they would not renew his contract. Barkow's final one-year contract expired that July.

ANALYSIS

Barkow contends that the board violated his right to due process by terminating him without a formal hearing. The Fourteenth Amendment's due process guarantee applies to public employees who have a property interest in the terms or conditions of their employment. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). To have a protectable property interest in a benefit, such as continued employment, a plaintiff must have a legitimate claim of entitlement to it. *Id.* Whether a public employee has a property interest in continued employment is a question of law for the court. *Barrows v. Wiley*, 478 F.3d 776, 780 (7th Cir. 2007).

Entitlement to a benefit usually arises from rights created by state statutes or contracts with public entities. *Ulichny v. Merton Cmty. Sch. Dist.*, 249 F.3d 686, 700 (7th Cir. 2001). But a property interest can also arise from the state's clearly implied promise of continued employment. *Shlay v. Montgomery*, 802 F.2d 918, 921 (7th Cir. 1986). Generally, a plaintiff must show that there was a mutually explicit understanding that he could only be terminated for cause or that his employment was subject to an implied tenure system. *Cole v. Milwaukee Area Tech. Coll. Dist.,* 634 F.3d 901, 904 (7th Cir. 2011). To make this showing, a plaintiff can provide evidence that the employer's discretion to fire the plaintiff was limited by specific criteria or procedures. *Colburn v. Trs. of Ind. Univ.*, 973 F.2d 581, 589 (7th Cir. 1992).

Barkow contends that the board's "Notice of Performance Deficiencies and Performance Expectations" that he received in November 2018 contained a clearly implied promise of continued employment. Specifically, Barkow identifies language in the notice that provides: "[f]ailure to properly perform your duties will result in a decision to discontinue your employment at the end of your current employment contract." Dkt. 15-8, at 4. The notice also says that "[t]he School Board expects that you will change your attitude and your behaviors if you are to continue to serve as a School District employee." *Id.* at 3. Barkow argues that a warning that he would be fired if his behavior did not improve implies a promise that his employment will continue if his behavior *does* improve. Dkt. 28, at 11–12.

The board's notice was not a clearly implied promise of continued employment. Nothing in the notice implies that Barkow was entitled to remain in his position if he met the board's expectations. The notice does not limit the board's discretion to fire Barkow in any way. Although the notice says that Barkow will be evaluated on his improvement in specific areas, merely specifying criteria that will be used to evaluate an employee does not meaningfully

4

restrict the employer's discretion. *Colburn*, 973 F.2d at 589. To establish a property interest, the plaintiff must show that he cannot be denied employment unless specific conditions are met. *Id* at 589–90. And here, there is no language in the notice that binds the board to continuing Barkow's employment if his behavior improves; the board does not disclaim its right to terminate Barkow's contract for any other reason.

Barkow has not identified any cases where a communication with similar language to the board's notice was sufficient to create a property interest. Barkow cites *Gorman v. Robinson* 977 F.2d 350, 357 (7th Cir. 1992), to support the general point that a promise of continued employment can be implied in a notice to employees. But he doesn't explain why the board's notice is similar to the communication given to the employees in that case. Dkt. 28, at 14–15. In *Gorman*, the Chicago Housing Authority sent its employees a circular laying out its termination policy. The circular provided in part:

> To assure fair employment and disciplinary practices in terms of equity, appropriate and standard involuntary separation practices and procedures and to maintain management's right to separate employees for just cause, the following policy is effective immediately: . . .

*Id.* The court concluded that the cited language functioned as a just cause provision that assured the employees of their continued employment.

Barkow has not identified any similar language in the board's notice that implies he could only be fired for cause. Barkow notes that the circular in *Gorman* did not specifically say that the employees could *only* be fired for cause; it only referred to management's right to fire employees for cause. But language in the circular clearly implies that employees were entitled to just cause protections. The circular specifically uses the words "for just cause." And the stated goal of the policy is to ensure that employees are treated fairly and equitably, which

5

suggests that the just cause language is there to protect the employees' interests, not the employers. By contrast, nothing in the board's notice to Barkow implies that the board sought to grant him any sort of right or protection.

The notice may have caused Barkow to believe that his job would be safe if he shaped up. But a unilateral expectation in continued employment does not create a property interest. *Roth*, 408 U.S. at 577. Nothing in the notice implies that the board shared Barkow's understanding that he would be *entitled* to stay in his job if his behavior improved. Accordingly, the notice did not give Barkow a property interest in continued employment.

Barkow also contends that a clearly implied promise of continued employment is demonstrated by his eight years of service and the repeated renewals of his contract. But neither longevity in a position nor the past practices of an employer are sufficient to create a property interest. *Crull v. Sunderman*, 384 F.3d 453, 464 (7th Cir. 2004) (internal citations omitted). Barkow analogizes his situation to *Perry v. Sindermann*, 408 U.S. 593, 602 (1972), where the Supreme Court determined that a teacher who held his position through a series of one-year contracts may have an entitlement to his employment. But in *Perry*, the length of the teacher's employment was only relevant because school guidelines provided that teachers with more than seven years of employment had a form of tenure. *Id*. at 601. The school's faculty guide also told faculty members that they should "feel that [they have] permanent tenure" so long as they did good work. *Id.* Barkow has not adduced any similar documents or statements from the school that imply that his years of service entitled him to tenure-like protections.

Barkow has not shown that he had a property interest in his employment, so the district is entitled to summary judgment on Barkow's due process claim. Barkow's complaint included an equal protection claim against the district. But Barkow now acknowledges that public

6

employees cannot bring class-of-one equal protection claims against their employers, Dkt. 28, at 32, so that claim will be dismissed as well.

That leaves Barkow's state-law claim for tortious interference with contract against Dean Ellenbecker. The court could exercise supplemental jurisdiction over this claim. But in the Seventh Circuit, the usual practice is to dismiss state-law claims when all federal claims have been dismissed prior to trial. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). The court cannot discern any reason to depart from the circuit's general rule in this case. Barkow's tort claim is distinct from his constitutional claim, and neither party asks the court to retain jurisdiction over the tort claim if the federal claim is dismissed. So Barkow's claim against Dean Ellenbecker will be dismissed without prejudice to Barkow pursuing the claim in state court.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 10, is GRANTED with respect to Barkow's constitutional claims. Those claims are DISMISSED with prejudice.

2. Plaintiff's state law claim against Dean Ellenbecker is DISMISSED without prejudice under 28 U.S.C. § 1367(c)(3).

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered March 21, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge